**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

OSCAR GUTIERREZ,
[DOB: 08/23/1989]

and

JOSE LUIS MORALES SALGADO,
[DOB: 11/09/1988]

Defendant.

Case No. 25-MJ-00013-LMC (WBG)

**MOTION OF THE UNITED STATES FOR A PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)**

Comes now the United States of America, by Teresa A. Moore, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, and hereby moves the Court to detain defendant without bail pending trial of this matter and to hold a hearing pursuant to Title 18, United States Code, Section 3142(f) for the purpose of demonstrating that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community.

**SUPPORTING SUGGESTIONS**

I. Subsection 3142(f)(2), Title 18, United States Code, provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the government moves for such a hearing.

II. The statute recognizes two situations which allow for a detention hearing and which can be raised either by the attorney for the government or by a judicial officer. These conditions are:

A. When there is a serious risk that the defendants will flee; or

B. When there is a serious risk that the person will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

In addition to that basis for holding a hearing, 18 U.S.C. § 3142(g) compels the court to consider "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). Among those considerations are

- the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device (18 U.S.C. § 3142(g)(1));

- the weight of the evidence against the person (18 U.S.C. § 3142(g)(2));

- history and characteristics of the person, including … (A) the person's … record concerning appearance at court proceedings; (18 U.S.C. § 3142(g)(3)(A)); and

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release (18 U.S.C. § 3142(g)(4).

III. One or more grounds for a pretrial detention hearing as set forth by the statute exists in the above cause. Although this case involves a conspiracy to fraudulently obtain U-Visas for illegal aliens, the overt acts of the conspiracy extend far beyond the fraudulent nature of this criminal offense. Both defendants have made admissions that as part of the conspiracy they have

either directed others or personally struck aliens and discharged firearms in an effort to stage robberies that would allow aliens to purport to be victims of violent crimes. The nature of these assaults not only puts the purported victims at substantial risk of bodily harm, but also the community as a whole because discharging a firearm in a populated area is inherently dangerous. Additionally, both defendants are not United States citizens. Immigration records indicate that both defendants are illegally present in the United States. The undersigned counsel anticipates that U.S. Immigration and Customs Enforcement will issue an immigration detainer on both defendants. defendant appears to have a prior conviction for a crime of violence, specifically an aggravated felony. Last, because both defendants are illegal aliens, they are prohibited by federal law from possessing firearms and ammunition, yet there is evidence indicating they both have possessed firearms and/or ammunition. Oscar Gutierrez has admitted to previously discharging a firearm as part of his involvement in this conspiracy and Jose Salgado made admissions that he was trying to obtain ammunition to conduct a staged robbery of an undercover officer. Both defendants also have criminal histories. In 2012, Oscar Gutierrez had a misdemeanor conviction for possession of drug paraphernalia in Mission, Kansas. In 2018, Gutierrez was convicted of stealing in Platte County, Missouri and was sentenced to 180 days' imprisonment with two years of probation. In 2020, Gutierrez was convicted littering in Pleasant Valley Municipal Court and ordered to pay a fine. In 2021, Jose Salgado was convicted of obstructing/impeding lawful activities in Edwardsville, Kansas and was sentenced to 14 days' imprisonment and one year of probation. In 2014, Salgado was convicted of operating a vehicle without a license in Liberty, Missouri and was sentenced to pay a fine.

For the aforementioned reasons, the United States moves to remand both defendants to the custody of the United States Marshals Service pending the resolution of their cases as each defendant poses a risk to the safety of the community and no conditions short of detention will ensure the presence of each defendant throughout these proceedings.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By /s/ William A. Alford, III

William A. Alford, III
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on January 30, 2025, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

/s/ William A. Alford, III
William A. Alford, III
Assistant United States Attorney